Henderson<br>v.<br>McDuffee.

---

## M. ROBINSON *versus* T. MCDUFFIE.

Where a new trial was granted by this court in a case which had been decided in the court of common pleas, and the cause again tried in the common pleas and another judgment rendered, it was held that one of the parties who was aggrieved by the last judgment might bring the cause by appeal to this court.

THIS action was commenced and tried in the court of common pleas, where, at January term, 1828, judgment was rendered in favour of the plaintiff. From that judgment no appeal was claimed, but the defendant, having afterwards discovered new evidence, made application to this court for a new trial, which was granted. The cause was accordingly placed again upon the docket of the common pleas at January term, 1829, when for the purpose of bringing the cause to this court judgment was rendered in favour of the plaintiff on demurrer, by agreement, from which judgment the defendant appealed.

The cause was entered here, at February term, 1829, and tried by a jury, the demurrer having been withdrawn and an issue to the country joined, and a verdict returned in favour of the defendant. The plaintiff then moved the court to dismiss the cause, on the ground that, under the circumstances of the case, the appeal could not be sustained.

*Christie*, for the plaintiff.
*Eastman*, for the defendant.

Robinson
*v.*
McDuffie.

*By the court.* This court is authorized by statute, upon an application by petition, to grant, under certain circumstances, a new trial in causes which have passed into judgment in the court of common pleas, or before justices of the peace. The effect of a new trial, in such a case, is a restoration of the cause to a course of law. It is again placed upon the docket of the court where the judgment was rendered, and is again tried in the same manner as it would be, had it never been before tried ; and the question is, whether an appeal to this court from a judgment of the court of common pleas, rendered upon a new trial thus granted, can be sustained ?

The decision of this question must depend upon the true intent and meaning of the statute of December 21, 1824, which enacts, " that any party aggrieved at any judgment, not rendered on default of the court of common pleas in any real action, or in any personal action, wherein issue has been joined, &c. may appeal therefrom to the next superior court of judicature." Is the judgment from which this appeal has been claimed, within the true intent and meaning of this clause in the statute ? It is certainly within the letter of the statute. What is there then in the spirit, which can take it out of the letter, of the statute ? Nothing is perceived. Instances may be supposed, in which the propriety of giving an appeal from such a judgment is very obvious. Thus if an action should be defaulted in the common pleas by accident, where the defendant intended to have a trial and a new trial should be granted in the cause by this court, and the case be tried and decided in the common pleas, it is evident, there might be as good reasons, why an appeal should be allowed in such case, as there would be in any case that can be conceived. We are of opinion that there must be

*Judgment on the verdict in this case.*